**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOHAMED ASHRAF MOHAMED SALEM IBRAHIM, | ) ) ) | |
| Petitioner, | ) ) | 3:26-cv-01217 |
| v. | ) ) | |
| LEONARD ODDO, et al., | ) ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND CLOSING CASE ON THE DOCKET WITHOUT PREJUDICE AND RETAINING JURISDICTION**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 5). Petitioner, a citizen of Egypt, is currently detained at Moshannon Valley Processing Center. He entered the United States in August 2024, and has remained in the United States since that time. Upon entry, Petitioner was issued a notice and order of expedited removal upon arrival. But Petitioner was found to have a credible fear of returning to Egypt. He was issued a Notice to Appear commencing removal proceedings and then released into the United States pursuant to an Order of Release on Recognizance ("OREC"). In June 2025, Petitioner's OREC was canceled due to his noncompliance with the terms of his release. He has thus been detained since June 26, 2025. (ECF No. 16, at 2).

Petitioner requested a bond hearing, and on July 23, 2025, an Immigration Judge ("IJ") held a proceeding at which the IJ concluded he did not have jurisdiction to consider whether the Petitioner should be granted bond. In their briefing, the Respondents refer to this proceeding as "a bond hearing" that was held "pursuant to Petitioner's request." (*Id.*). In actuality, though, the IJ never considered the merits of granting bond to Petitioner. (ECF No. 16-4, at 1). The Respondents

1

rely on 8 U.S.C. § 1225(b)(1)(B)(ii) to support the continued detention of the Petitioner, and they argue that his detention — although more than 13 months in duration as of today — is not yet "unreasonable." *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). They also argue that the factors in the Third Circuit case *German Santos* are inapplicable because German Santos was a case considering detention under § 1226(c), but the Petitioner is being held pursuant to § 1225(b)(1).

Courts in this Circuit have found that aliens paroled into the country pending an administrative determination regarding asylum have the right to a bond hearing when detention becomes "unreasonable." *A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025). In other words, the *German Santos* analysis is not limited to those being held under § 1226(c). Under *German Santos*, courts must consider four factors to determine whether an alien's detention has become unreasonable, which entitles them to a bond hearing in front of an IJ. Those factors are the following: (1) the duration of detention; (2) whether the detention is likely to continue; (3) reasons for the delay, such as a detainee's request for continuance; and (4) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210–11.

The most important factor is the first — how long the petitioner has been detained. Courts in this Circuit and around the nation have regularly found detention without a bond hearing for over nine (9) months to be unreasonable. *See A.L.*, 761 F. Supp. 3d at 824–26 (detention for "nearly 10 months" without bond hearing violates due process); *C.B. v. Oddo*, No. 3:25-cv-00263, 2025 WL 2977870, at *6–8 (W.D. Pa. Oct. 22, 2025) (Brown, M.J.) (detention for "more than 10 months" without bond hearing violates due process); *Mashchenko v. Rokosky*, No. 25-12387, 2026 WL 185204, at *3–4 (D.N.J. Jan. 25, 2026) (detention for "approximately nine months" without

2

bond hearing violates due process). In the case at bar, the Petitioner has been detained going on thirteen (13) months. The other factors also weigh in favor of the Petitioner receiving a bond hearing. The Court does not have information from the Government as to whether the detention will continue or if removal is imminent, so the second factor weighs neither in favor nor against the Petitioner. As to the third factor, as another member of this Court has stated, "[t]he reasons for the delay also weigh in favor of unreasonableness. Although Petitioner has appealed, he has a statutory right to do so, as well as the option of petitioning the Third Circuit for review should his BIA appeal be denied. Delays while he exercises the rights afforded to him by statute cannot be held against him." *A.L.*, 761 F. Supp. 3d at 826. The Court makes no judgment on the fourth factor, as it does not have enough information on this record as to this Petitioner regarding the detainee's conditions of confinement.

The first and third *German Santos* factors weigh substantially in favor of the Petitioner being granted a bond hearing in front of an IJ. The Court orders that now.

AND NOW, this 27th day of July, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 5), is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. If Petitioner is released as a result of the aforementioned individualized bond hearing or otherwise, Respondents are further ORDERED to return to Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which is otherwise in their custody. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE to the extent Petitioner seeks any additional relief at this time.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2026

CC: All counsel of record.