**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOHAMED ASHRAF SALEM IBRAHIM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01217 |
| v. | ) | |
| | ) | |
| LEONARD ODDO et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER GRANTING MOTION TO ENFORCE (ECF No. 24)**

Pending before the Court is Petitioner's Motion to Enforce (ECF No. 24). Petitioner claimed that Respondents were violating this Court's previous Order in that a bond hearing had not been held in accordance with this Court's previous Order Granting in Part and Denying in Part Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 19). On July 27, 2026, the Court ordered that Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 no later than thirty days from the date of that Order. (ECF No. 19). Respondents confirm that Petitioner did not receive a bond hearing in accordance with that Order and that "immediate release from detention may be an appropriate remedy." (ECF No. 27, at 1). The Court agrees.

Petitioner, a citizen of Egypt, is currently detained at Moshannon Valley Processing Center. He entered the United States in August 2024 and has remained in the United States since that time. Upon entry, Petitioner was issued a notice and order of expedited removal upon arrival. But Petitioner was found to have a credible fear of returning to Egypt. Petitioner was then released into the United States pursuant to an Order of Release on Recognizance ("OREC"). In June 2025, Petitioner's OREC was canceled and he has been detained since June 26, 2025 (ECF No. 16, at 2).

Two months later, in September 2025, an immigration judge ordered Petitioner to be removed to Egypt. (*Id.*). Petitioner has appealed that decision to the Board of Immigration Appeals ("BIA"), and his appeal is pending. (*Id.*). Petitioner is presently detained under 8 U.S.C. § 1225(b)(1)(B)(ii), which requires mandatory detention if an asylum officer "determines at the time of the interview that an alien has credible fear of persecution ...."

While Petitioner was provided a bond hearing on July 23, 2025, this Court found in its July 27, 2026, Order that Petitioner's detention had become unreasonable under the Due Process Clause of the Fifth Amendment. (ECF No. 19, at 2); *see German Santos v. Warden County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). This finding was based in large part on the duration of Petitioner's detention — which at that time had exceeded 13 months. (*Id.*). Respondents were ordered to provide Petitioner with a new bond hearing within thirty days of that Order. (*Id.* at 3).

Respondents concede they failed to comply with this Court's July 27, 2026, Order. (ECF No. 27, at 1). Counsel for Respondents claims to have received an email from DHS on August 18, 2026, stating that bond was denied. (*Id.* at 2). That August 18 email turned out to be a copy of the July 2025 bond denial order. (*Id.*). It was not, as Respondents' Counsel had initially interpreted it, notice of a new bond hearing held in accordance with this Court's July 27, 2026, Order. No such bond hearing was ever held.

Upon receiving notice of this turn of events from Petitioner (ECF No. 24) and this Court (ECF No. 25), Respondents provided Petitioner with a bond hearing on September 17, 2026. (ECF No. 27, at 2). But, as Respondents predicted, this is "of little comfort to the Court and Petitioner …." (*Id.*). The Court has already found that Petitioner's detention violates Due Process. Petitioner's detention is therefore unlawful and Respondents are ordered to release Petitioner from custody. *See Hernandez-Polanco v. Noem*, No. 26-1283, 2026 WL 657817, at *1 (D.N.J. Mar. 9,

2026); *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 549 (2026) (ordering petitioner's immediate release in the event that a bond hearing is not timely provided).

AND NOW, this 22nd day of September 2026, IT IS HEREBY ORDERED:

· The Motion to Enforce (ECF No. 24) is GRANTED;

· Respondents shall release Petitioner from detention to a place within this District within seven (7) days of the date of this order;

· Petitioner shall be subject to the terms of supervision in 8 U.S.C. § 1231(a)(3) and any attendant regulations;

· Respondents shall release Petitioner with any and all personal property, including the items he had with him at Moshannon Valley Processing Center or at any other detention locations at which he was held;

· Respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 within seventy-two (72) hours of Petitioner's release, confirming the date, time, and manner of release.

· Respondents are temporarily enjoined from re-detaining Petitioner, absent a newly-applicable basis for detention, until Petitioner's Order of Removal becomes final.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2026